Deadestck, C. J.,
delivered the opinion of the court.
On the 2d day of May, 1860, the complainant filed its attachment hill in the Common Law and Chancery ‘Court of the City of Memphis, against the defendant, alleging an indebtedness of about $10,000, charging that the defendant was about to dispose of his property for the purpose of defrauding his creditors, and praying for the issuance of an attachment to be levied ■on his property.
An attachment was regularly issued and levied by the sheriff on lot 83, or- the south part thereof, which ■is described by metes and bounds, as appears from the sheriff’s return.
The levy was made on the 2d day of May, 1860, • and the attachment was levied on some notes also.
On the 3d day of May, 1860, being the next day after the levy of the attachment, Andrews conveyed the lot levied on to the Planters’ Bank at Memphis.
On the 3d of May, 1860, Andrews filed a plea in abatement, traversing the grounds alleged in the bill for the issuance of the attachment.
In 1869, proof was taken upon the issue made upon defendant’s plea.
On the 12th of October, 1870, the court overruled the plea in abatement; and upon his application, thirty days were allowed defendant to file his answer.
*308 On the 21st of October, 1870, the Planters’ Ba,nk applied by petition to become a party defendant in the-case, and the court made an order allowing the application ; but at a subsequent day of the term it revoked, the order and refused the application.
In the mean time, Andrews having failed to answer, a judgment pro confesso was taken against him, December 6th, 1870, and the clerk was directed to-report. to the then present term, the balance remaining unpaid upon the bill of exchange sued on.
The notes attached, to the amount of about $8,000,. had been applied, by agreement, to the debt sued for, reducing the amount due, including interest to the 13th December, 1870, the date of the master’s report, to-$3,254.81, — as appears from said report.
On the 15th of December, 1870, by leave of the court, the bank and Wm. M. Farrington, who had purchased of the Planters’ Bank, filed their original bill in the nature of a supplemental or cross bill, to which the complainant in the original bill demurred,, and the court sustained the demurrer, and the Planters’ Bank and Farrington .appealed to this court. The bill of the Planters’ Bank and Farrington does not contest the fact that the attachment was levied upon the lot before their purchase of it: the bank, however,, alleged that it had no notice of the levy; but they seek to be made parties to try the case de novo against Andrews, alleging that the plea in abatement was found' against him upon insufficient evidence, and that he had failed to make his defense, either through collusion with complainants or from inattention and indifference.
*309 The bill does not make any such direct and unequivocal charges of facts amounting to fraud or collusion as would be necessary to' sustain it as one impeaching a decree for fraud.
There is no doubt of an existing indebtedness of Andrews to the American Exchange Bank at the time the bill was filed and the attachment levied.
The Chancellor decided the issue made upon the plea in abatement, against Andrews, upon evidence taken and heard; and upon his failure to answer, the •decree pro confesso, thereupon taken, admitted all the allegations of the bill.
Andrews being bound, those claiming under him must abide by the case made against him.
He who purchases during the pendency of a suit, is held bound by the decree that may be made against the person from whom he purchases.
The litigating parties are relieved from the necessity of taking any notice of the title so acquired, and such purchaser need not be made a party to the writ. 1 Sto. Eq., secs. 405-6; Adams’s Eq., 278; Ibid, note 2, p. 194. An assignee under a voluntary conveyance 'may be made a party when desirable, at the election •of the plaintiff. Sto. Eq. PL, 156 and note.
But if' the complainant elect to do so, he may ignore the purchase pendente lite, and proceed to final decree against the original parties. Our statute, Code, sec. 2,799, provides that in actions for the recovery of property, any person interested in the subject matter of the suit may be made a defendant. But this action was not brought for the recovery of the property *310 attached, upon the idea that complainant .had any title or claim to it, but- for the recovery of a sum of money due upon a bill of exchange, and the attachment was. levied to create a lien upon the property for the satisfaction of the debt.
It follows, that the court did not err in revoking the order made upon the petition of the Planters’ Bank, as it was not bound to allow the bank to become a defendant to the suit.
Nor was there any error in the decree of the Chancellor sustaining the demurrer and dismissing the bill, as it contained no sufficient allegations that the decree was fraudulently obtained, and the Planters’ Bank and' Farrington, as purchasers pendente lite, had no claim to be made parties to the suit.
Let the decree of the Chancellor be affirmed, and the original case remanded for further proceedings.